WEST INDIA OIL Co. (P. R.), Plaintiff and Appellee, *v.* ROSA-LINDA FELICIANA MARTÍNEZ DEL MORAL ET AL., Defendant, and RAFAEL BLANCH, Defendant and Appellant.

No. 8113. Argued June 6, 1940.—Decided October 29, 1940.

*Enrique Báez García* for appellant. *José Carbia Miranda* for appellee. *José Sabater* for codefendant Martínez del Moral.

Mr. Justice Wolf delivered the opinion of the court.

The West India Oil Co. (P. R.), being an owner in common of a lot situated on Betances, Santiago R. Palmer, and Once de Agosto Streets of Mayagüez, filed suit for a partition. According to the allegations of the complaint, accepted by defendants, ¾ths of said lot is owned by plaintiff, ⅛th by Rafael Blanch and the other ⅛th in common by Rosalinda Feliciana, Raquel Vicenta and Lydia Amada Martínez del Moral. The codefendants Martínez del Moral agreed to the division of the property after a judgment *pro confesso* had been taken against them. At the same time they filed a motion requesting that the court establish definitely in whatever judgment it might render, the shares belonging to each of the parties. In this motion they accepted that ¾th of said property belonged to the plaintiff corporation, but alleged that ½ of the remaining ¼th, that is, ⅛th of the property, belonged to them, and that of the remaining ⅛th, ⅔ds of said ⅛th belonged to Rafael Blanch and that the title to the remaining ⅓d of ⅛th of the entire property is pending decision before the Supreme Court of Puerto Rico of an appeal taken from a decision of the District Court of Mayagüez, of December 8, 1938, in civil case No. 519 in favor of the said minors Rosalinda Feliciana, Raquel Vicenta and Lydia Amada Martínez del Moral, against Antonio Vivaldi Pacheco and Rafael Blanch, granting said minors the right of legal redemption on said ⅓d of ⅛th.

Defendants prayed in said motion that the court, in rendering judgment, should state definitely the portion of the minors co-tenants and of the co-tenant Rafael Blanch, and that it order the representatives to set apart a ⅓d of ⅛th of the lot in question, and that said portion be definitely adjudged according to the decision of the Supreme Court of Puerto Rico in the appeal pending before it.

The other defendant, Rafael Blanch, filed a motion to strike and a demurrer, which were denied and judgment *pro confesso* was taken against him.

The court rendered judgment ordering the partition and appointed a representative for each of the parties, who were to make the material distribution of the property. Two months later said representatives filed a report before the court in which they alleged that in their opinion it was impossible to divide said property in any form which would be just for all of the parties concerned.

On motion of plaintiff's attorney, the court then ordered the public sale of said property and ordered the three representatives of the parties to appraise the property, which they did, and found that the property was worth $12,000. The court then ordered the public sale of the property and fixed the minimum price for the ⅛th of the minors at $1,500. It also ordered the marshal to:

1. Deposit in court, once the sale had been carried out, the $1,500 belonging to the minors;

2. Deposit in court for the minors, ⅛th of any amount over $12,000 for which the property might be sold.

3. Deposit in court 1/24th of the amount of the property or that is, $500, corresponding to the ⅓d of the ⅛th belonging to Rafael Blanch, the title to which was pending an appeal before the Supreme Court.

Rafael Blanch appealed from the judgment and alleged:

1. That the court erred in ordering the marshal to deposit the amount of $1,500 as the minimum price of the cotenancies of the minors, independently of the price received at the public sale for the property.

2. That the district court erred in fixing a minimum price for the co-tenancies of the minors for the sale.

3. That the district court erred in ordering that the amount of $500 which corresponds to the co-tenancy for which there is a suit pending, be deposited in the district court until the suit filed by Rosalinda Feliciana Martínez del Moral et als. against Antonio Vivaldi Pacheco et als., which is pending decision by the Supreme Court of Puerto Rico, is finally decided.

The first two errors involve the same legal question. Appellant alleges that the district court by said two

holdings, has discriminated in favor of the minors. He further alleges that the error is caused by a wrongful application of paragraph 5 of section 614 of the Code of Civil Procedure (1933 ed.) which reads as follows: `

"Section 614. In all cases where, according to the provisions of the Civil Code, the parents or the tutor of a minor or incapacitated person, shall be in need of judicial authorization to do anything relative to the keeping of said minor or incapacitated person or of his property, a petition shall be filed with the district court of competent jurisdiction, setting forth under oath the following particulars:

"  *          *          *          *          *          *          *

"5. The minimum auction price of the property to be admitted in all cases of sale of real and personal property, where the value thereof exceeds the amounts determined in sections 229 and 282, paragraph five, of the Civil Code."

Said section is intimately related to section 229 of the Civil Code (1911 ed.), as it states the procedure to be followed in applying the latter section.

This court has held in the cases of *Martínez* v. *Registrar*, 23 P.R.R. 330, and *Sánchez* v. *Registrar*, 21 P.R.R. 453 (cited with approval in *Mercado* v. *Registrar*, 41 P.R.R. 521, and *Costa* v. *Piazza*, 51 P.R.R. 667), that section 229, as amended by Act No. 33 of 1911, is not applicable to a partition of common property in which minors are interested, and that said partition is governed by section 413 in connection with section 1027 of said Code.

In view of this, said holding is manifestly erroneous. However, as held by this court in the case of *García* v. *Registrar*, 23 P.R.R. 392 (cited in *Colón* v. *Registrar*, 38 P.R.R. 586), it is the duty of the district court to protect the welfare of the minors. This can and should have been done by fixing a minimum price for the sale of the property as a whole. In this way the interests of the minors would have been protected and at the same time no discrimination would have been made against the other parties to the suit.

Given the agreement of the parties, minors and all, to the sale of the whole property, it becomes unnecessary definitely to decide the matter suggested in conference whether without such consent the property could or could not have been sold without fixing a minimum price.

The order should therefore be modified by ordering the marshal to sell the property at public auction for the minimum price of $12,000, of which he will deposit in court the ⅛th belonging to the minors, subject to their proportionate share in the payment of the costs.

The third error was:

"The District Court of Mayagüez erred in ordering that the amount of $500 which corresponds to the co-tenancy for which there is a suit pending, be deposited in the district court until the suit filed by Rosalinda Feliciano Martínez del Moral et als., against Antonio Vivaldi Pacheco et als., which is pending decision by the Supreme Court of Puerto Rico, is finally decided."

Given the decision of this court in case No. 7970, *Martínez* v. *Vivaldi,* dated October 29, 1940 (*infra,* this page), there is no need to discuss this assignment.

For the foregoing reasons, the order appealed from should be modified as stated, and as modified affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.